U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

SEP 25 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES CAMP | CIVIL ACTION NO. 08-1201 |
| VERSUS | JUDGE DONALD E. WALTER |
| GARY SEXTON, ET AL | MAGISTRATE MARK HORNSBY |

### ORDER

Before this Court is a Motion to Dismiss Pursuant to FRCP Rules 12(b)(5), 4(e), 4(m) and 12(b)(6) [Record Document 26], filed on behalf of defendant, Phillip Krouse ("Krouse").[1] For the reasons set forth below, Plaintiff's Complaint against Krouse should be **DISMISSED**.

### I. FACTUAL BACKGROUND

On August 15, 2008, Plaintiff Charles Camp ("Camp") filed a Complaint against several parties including Krouse alleging various violations of his constitutional rights. [Record Document 1]. According to the Summons Returned [Record Document 6], Krouse was served on December 12, 2008. However, the signature states that "Trooper Green" was personally served. *Id.*

Krouse alleges that service was not in compliance with the Federal Rules of Civil Procedure and as a result he was never served. Krouse requests that Plaintiff's claim be dismissed for improper service.

In addition, Krouse alleges that Camp has failed to state a claim against Krouse. As a result, Krouse seeks to have the complaint against him dismissed.

---

[1] Plaintiff has filed no opposition to this Motion to Dismiss.

1

## II. LAW AND ANALYSIS

### A. Deficiency of Process

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant can challenge the mode of delivery or the lack of delivery of the summons and complaint. *Gartin v. Par Pharmaceutical Co., Inc.*, 289 Fed.Appx. 688, 692 n.3 (5th Cir. 2008). "The party making service has the burden of demonstrating its validity when an objection to service is made." *Holly v. Metro. Transit Authority*, 213 Fed.Appx. 343, 343 (5th Cir. 2007) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). If the plaintiff fails to establish the validity of service, Rule 12(b)(5) allows for dismissal of the action.

In the present matter, Krouse has challenged the lack of service of the complaint. Plaintiff has failed to respond to Krouse's motion and present any evidence demonstrating the validity of service.

The Federal Rules of Civil Procedure provide for service of process by doing any of the following: (1) delivering a copy of the summons and complaint to defendant personally, (2) leaving a copy of the summons and complaint at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides therein, or (3) delivering a copy of the summons and complaint to an authorized agent. Fed. R. Civ. P. 4(e)(2).

In the present matter, service is ineffective because Camp served "Trooper Green." The Federal Rules of Civil Procedure do not allow for service of process on a co-worker. Because Camp did not obtain a waiver of formal service from Defendant, his attempted service on Krouse is insufficient under the Federal Rules of Civil Procedure. *See* FED. R. CIV. PRO. 4(e).

In addition, this complaint was filed on August 15, 2008. According to Fed. R. Civ. Pro. 4(m), "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice." It has been well over 120 days since the complaint was filed.

**B.      Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." When considering the motion, a district court "must take factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of plaintiff." *Fernandez-Montes v. Allied Pilots Assoc., et al.*, 987 F.2d 278 (5th Cir. 1993). A complaint attacked by a Rule 12(b)(6) motion does not need to contain detailed factual allegations; however, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice. *Id.* The plaintiff's obligation is "to provide the grounds of his entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The Fifth Circuit has recently held that to survive a 12(b)(6) Motion to Dismiss "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007).

According to the Complaint [Record Document 1]:

18.

At approximately 1:30 P.M. plaintiff was driving down Shreveport Rd. in Webster Parish when he noticed that he was being followed by a white car. He entered the Circle K and the car pulled in a spot. Upon exiting the store plaintiff was

approached by Trooper Phillip Krouse with the Louisiana State Police, and informed that he was under arrest for "threatening to blow up the horseshoe [sic] casino". Plaintiff was very confused and became very upset; he was then surrounded by at least four other Troopers in plain clothes. Plaintiff made a call to Ted Riser. when [sic] Ted Riser came to get Charles Camp from the store where he was arrested, Trooper Phillip Krouse told him he wanted him to know that this had nothing to do with Mr. Camp and his problems with Sheriff Sexton.

19.

The trooper was unable to get plaintiff in the back of the police car due to his degenerative back trouble and arthritis so he was taken to Bayou Dorcheat Correctional Center by Mr. Risner [sic], where he was booked by a female deputy.

Paragraphs 18 and 19 of the Complaint [Record Document 1] are the only paragraphs that detail any involvement of Krouse in Camp's arrest. The extent of the encounter was Krouse approached the Plaintiff, identified himself as a Louisiana State Trooper, and informed him that he was under arrest for "threatening to blow up the horseshoe [sic] casino." The Plaintiff was then allowed to call a Webster Parish Deputy Sheriff–Ted Riser– to come to where he (the Plaintiff) was. Krouse, it appears from the Complaint, turned over the Plaintiff to "Mr. Risner [sic]." The complaint does not make any specific, nonconclusory allegations about Krouse's involvement with the Plaintiff's various claims. From this Court's reading of the case law, the Complaint, and the unopposed Motion to Dismiss, the Plaintiff has failed to state a cognizable claim against Krouse.

4

### III. CONCLUSION

Plaintiff Charles Camp has failed to comply with federal law with respect to service of original process. Accordingly, Plaintiff's service of process is insufficient and, therefore, his complaint should be **DISMISSED**. In addition, Plaintiff fails to state a claim upon which relief can be given and as such his claims against Krouse are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this **24** day of September, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE